UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10–60206-MC-COHN

(ADV. NO. 09-01616)

In re: TOUSA, INC., et al.,

    Debtors

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF TOUSA, INC., et al.,

    Plaintiffs,
vs.

TECHNICAL OLYMPIC, S.A., et al.,

    Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE MOTION TO WITHDRAW REFERENCE

**THIS CAUSE** is before the Court on the Motion to Withdraw the Reference [DE 1] filed by Defendants Technical Olympic, S.A., Konstantinos Stengos, Andreas Stengos, George Stengos, and Marianna Stengou, Antonio Mon and Tommy McAden (together with Defendants noted below, "Movants").[1] The Court has carefully considered the Motion, Plaintiff's Response to Certain of Defendants' Motion to Withdraw the Reference [DE 3-1], Reply to Plaintiff's Response to Certain of Defendants' Motion to Withdraw the Reference [DE 3-5], the portions of the bankruptcy record filed in this matter, and is otherwise advised in the premises.

### I. BACKGROUND

The Complaint alleges state-law causes of action for (1) breach of fiduciary duty, and (2) aiding and abetting such breach of fiduciary duty ("Fiduciary Duty

---

[1] Defendants Paul Berkowitz, David Shoenborn, Stephen Wagman and Russell Devendorf filed a Joinder in Motion to Withdraw the Reference. See DE 5-1.

Action"). The Fiduciary Duty Action arises out of TOUSA, Inc.'s ("TOUSA") decision to borrow, and to cause many of its subsidiaries to borrow, $500 million on July 31, 2007, and to secure that debt by granting the lenders liens on substantially all of their assets. This transaction was undertaken to settle a litigation against TOUSA and one of its affiliates, TOUSA Homes, LP, that arose from an unsuccessful business venture TOUSA undertook in 2005.

On January 29, 2008, TOUSA and most of its subsidiaries filed voluntary petitions for relief under Chapter 11 in the United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court"). On July 14, 2008, an action was brought under both state law and the federal Bankruptcy Code to unwind the $500 million transaction described above ("Fraudulent Conveyance Action"). In connection with the Fraudulent Conveyance Action, the parties took extensive discovery, including 54 depositions and production of 340,000 pages of documents. In addition, the parties submitted 20 expert reports on solvency and real estate issues. The action culminated in a 13-day trial before Judge John K. Olsen.

Plaintiff points out that "the Bankruptcy Court spent nearly a year and a half presiding over [the Fraudulent Conveyance Action], and entered a number of findings concerning much of the very conduct at issue here." DE 3-1 at 2. For example, Judge Olsen entered Findings of Fact and Conclusions of Law, consisting of 182 pages, in the Fraudulent Conveyance Action. See Exhibit A to Declaration of Stephen M. Baldini in Support of the Plaintiff's Response in Opposition to the Motion to Withdraw the Reference. Plaintiff states "[t]hough not preclusive or binding in the instant action, these findings can fairly be characterized as critical of the decision-making process leading up to the Debtors entering into a massive fraudulent

2

conveyance in 2007 (which is the basis of the Committee's claims that breaches of fiduciary duty occurred)." DE 3-1 at 2-3.

Movants filed the instant Motion to Withdraw the Reference arguing that the Fiduciary Duty Action is a "quintessentially non-core matter alleging solely state-law based causes of action." DE 1 at 2. Movants further argue that because the underlying transaction giving rise to the Fiduciary Duty Action occurred before and outside the context of bankruptcy, "the Bankruptcy Court does not have jurisdiction to issue final orders and judgments in this non-core Adversary Proceeding." Id. Therefore, "having the Adversary Proceeding go forward first in the Bankruptcy Court will add an unnecessary layer of proceedings, resulting in nothing more than proposed findings and conclusions that will need to be reviewed *de novo* by the District Court." Id. In addition, the Motion argues that Defendants "have a right to a jury trial and at least some of Defendants intend to file a jury demand." DE 3-5 at 7.

Plaintiff argues that the Fiduciary Duty Action involves core claims because the causes of action arise out of the same facts as the Movants' proofs of claim. Plaintiff also argues that judicial economy will be served by allowing the action to proceed before Judge Olsen, who is "intimately familiar with the underlying actions and issues giving rise to the Fiduciary Duty Action" based on his involvement with the Fraudulent Conveyance Action. DE 3-1 at 3. Further, Plaintiff contends that due to "particularly unfavorable" rulings in the Fraudulent Conveyance Action, the "Motion before this Court is no more than a thinly-veiled attempt by the Movants to shop for . . . a more favorable forum." Id. Finally, Plaintiff argues that "the claims are not subject to jury trial." Id.

3

## II. ANALYSIS

### 1. Legal Standard Regarding Motions to Withdraw the Reference

District courts have "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). District courts may refer these cases to bankruptcy courts. 28 U.S.C. § 157(a). If a party believes the case should be heard in district court, it may petition the district court to withdraw the reference and relieve the bankruptcy court of jurisdiction. Section 157(d) states the following:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

A withdrawal may be mandatory or permissive. According to 28 U.S.C. § 157(d), withdrawal is mandatory if the case requires resolution of both Title 11 and non-bankruptcy code federal law. There is a minority view which advocates a literal interpretation of § 157(d) such that withdrawal is mandatory any time a non-bankruptcy code federal law claim is pled, irrespective of the claim's substantiality. See, e.g., In re Keifer, 276 B.R. 196 (E.D. Mich. 2002). Most courts, however, construe § 157(d) to mean "that withdrawal is mandatory 'only if the court can make an affirmative determination that resolution of the claims will require substantial and material consideration of those non-Code statutes' which have more than a *de minimis* impact on interstate commerce." In re TPI Intern. Airways, 222 B.R. 663, 667 (S.D. Ga. 1998) (quoting In re C-TC 9th Ave. Partnership, 177 B.R. 760, 762-64 (N.D.N.Y. 1995)). Further, the Seventh Circuit has held that

as far as non-title 11 issues are presented, mandatory withdrawal is required only when those issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law. The legal questions involved need not be of cosmic proportions but must involve more than mere application of existing law to new facts.

Matter of Vicars Ins. Agency, Inc., 96 F.3d 949, 954 (7th Cir. 1996) (internal quotation and citation omitted). In other words, "[w]hen only a simple application of well-settled law is required withdrawal is not mandatory." Camden Ordnance Mfg. Co. of Ark., Inc. v. United States Trustee (In re Camden Ordnance Mfg. Co. of Ark., Inc.), 245 B.R. 794, 806 (E.D. Pa. 2000) (citing In re CM Holdings, Inc., 221 B.R. 715, 721 (D. Del. 1998)).

Section 157(d) affords the district court discretion to grant a permissive withdrawal for "cause." The moving parties bear the burden of demonstrating cause for permissive withdrawal. See Dionne v. Simmons (In re Simmons), 200 F.3d 738, 741 (11th Cir. 2000). Although there is no statutory definition of the word "cause," the Eleventh Circuit has concluded that it is not "an empty requirement." In re Parklane/Atlanta Joint Venture, 927 F.2d 532, 536 (11th Cir. 1991). When determining if there is sufficient cause for the withdrawal, district courts consider: (1) the advancement of uniformity in bankruptcy administration; (2) decreasing forum shopping and confusion; (3) promoting the economical use of the parties' resources; and (4) facilitating the bankruptcy process. See In re Simmons, 200 F.3d at 742. Additional factors that may be considered include: (1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay. Holmes v. Grubman, 315 F. Supp. 2d 1376, 1382 (M.D. Ga. 2004); Control Center, LLC v. Lauer, 288 B.R. 269, 274 (M.D. Fla. 2002).

2.  **Whether the Matter is Core or Non-Core**

In this case, the Bankruptcy Court has not determined whether the Fiduciary Duty Action is core or non-core. As such, Plaintiff argues that the Motion to Withdraw is premature. See DE 3-1 at 9 (citing In re Epixtar Corp. 414 B.R. 813 (Bkrtcy. S.D. Fla. 2009) (noting that issue of whether proceeding was core or non-core was referred to bankruptcy court by district court considering a motion to withdraw); Marshall v. City of Atlanta, 195 B.R. 156, 165 n.3 (N.D. Ga. 1995) ("Although the district court must decide the motion to withdraw the reference under 28 U.S.C. § 157(d), the issue of whether this proceeding is core or non-core is determined in the first instance by the bankruptcy court."); Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec. Corp., 106 B.R. 367, 369-370 (D. Del 1989) (holding that motion to withdraw reference was premature because "[n]either party has asked the bankruptcy judge to determine whether this is a core or a non-core proceeding")). Conversely, Movants argue this Court "can make the determination, in the first instance, as to whether a matter is core or non-core." DE 3-5 at 2 (citing Control Ctr. L.L.C. v. Lauer, 288 B.R. 269, 275-76 (M.D. Fla. 2002); In re K & R Express Sys., 382 B.R. 443, 447 n.3 (N.D. Ill. 2007); Enron Corp. v. Citigroup, Inc.(In re Enron Creditors Recovery Corp.), 410 B.R. 374, 380 (S.D.N.Y. 2008)).

The Court acknowledges its authority to make this determination ahead of the Bankruptcy Court, but declines to do so for two reasons. First, the Bankruptcy Court is familiar with the underlying facts of this action. Given that Judge Olsen presided over the related Fraudulent Conveyance Action for more than a year and a half, the Court finds that the Bankruptcy Court is best-suited to make the determination, in the first instance, of whether the Fiduciary Duty Action involves core or non-core claims.

6

Second, as discussed below, several other factors weigh against granting the Motion.

### 3. Additional Factors

Throughout the Motion to Withdraw the Reference, Movants stress the argument that because the Fiduciary Duty Action is a non-core proceeding, "the District Court would [ ] be called upon to conduct a *de novo* review of the Bankruptcy Court's findings, resulting in an unnecessary duplication of judicial resources." DE 1 at 12. Notwithstanding Plaintiff's assertion that the action is a core proceeding, the Court is unpersuaded by Movants' argument. The Court finds that it would be a waste of judicial resources to leave Judge Olsen, and the considerable knowledge he has accrued from presiding over the Fraudulent Conveyance Action, on the sidelines. See <u>Disbursing Agent of the Murray F. Hardesty Estate v. Severson (In re Hardesty)</u>, 190 B.R. 653, 656-57 (D. Kan. 1995) ("Other issues argued by the defendant at some point may have to be addressed in proposed findings and conclusions, but considering the bankruptcy court's familiarity with the proceedings and relevant documents and its knowledge of bankruptcy law, the proposed order likely will materially assist the district court in making a final decision.").

Movants argue that the "Bankruptcy Court has no special expertise in Delaware Corporate law that would make it more efficient to leave the pre-trial proceedings in that Court." DE 1 at 12. Without accepting Movants' premise, this Court finds that the Motion does not identify any novel issues of Delaware law that warrant withdrawal of the reference. See <u>Matter of Vicars Ins. Agency, Inc.</u>, 96 F.3d at 954. Accordingly, Judge Olsen's familiarity with the underlying facts weighs in favor of keeping the Fiduciary Duty Action in the Bankruptcy Court at this time. See

7

In re Hardesty, 190 B.R. at 656-57; see also Centrix Fin. Liquidating Trust v. Sutton (In re Centrix Fin., LLC), 2009 U.S. Dist. LEXIS 54495, at *11 (D. Colo. June 8, 2009) (stating the courts "have repeatedly held that where the bankruptcy court possesses more familiarity with facts of a case incident to its management of the bankruptcy proceedings, withdrawal of the reference to bankruptcy court should be delayed until the case is ready for trial").

Plaintiff also accuses the Movants of forum shopping and outlines a number of adverse findings in the Fraudulent Conveyance Action which are "relevant to the Fiduciary Duty Action." See DE 3-1 at 6-7, 18-19. Movants' challenge this assertion noting that they "filed the Motion early in the case and have been consistent in their position that the Fiduciary Duty Action belongs in the District Court." DE 3-5 at 9. The Court finds that Plaintiff has at least raised the "possibility" of forum shopping, which further weighs in favor of denial of the Motion.

Finally, Movants argue that withdrawal is justified because "at least some of the Defendants intend to file a jury demand." DE 3-5 at 7 (emphasis added). Courts routinely acknowledge the relevance of a party's right to a jury trial in district court in deciding whether to withdraw reference to the bankruptcy court; however, a number of courts have denied a party's request for immediate withdrawal of reference where the basis of the request is a party's entitlement to a jury trial. See, e.g., Barlow & Peek, Inc. v. Manke Truck Lines, Inc., 163 B.R. 177, 179 (D. Nev. 1993) ("The filing of a jury demand in a non core proceeding which is related to a bankruptcy case should not result in the District Judge on a knee jerk basis withdrawing the order of reference."); In re Apponline.Com., Inc., 303 B.R. 723, 727 (E.D.N.Y. 2004) ("A rule

that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme.") (quotation omitted); In re Hardesty, 190 B.R. at 656 ("Even if a jury trial may constitute cause for withdrawal, the district court may decline to withdraw the reference until the case is ready for trial."). Given that Defendants merely "intend" to file a jury demand, the Court will deny the Motion to Withdraw the Reference without prejudice to the Defendants' right to refile a similar Motion once such a jury demand has been filed and the case is ready for trial.

### III. CONCLUSION

Based on the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Motion to Withdraw the Reference [DE 1] is **DENIED without prejudice**.
2. The Clerk is instructed to **CLOSE** this miscellaneous matter.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this 19th day of April, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

United States Bankruptcy Judge John K. Olson

9